**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

SPRINT SPECTRUM L.P., SPRINTCOM,       :
INC. and SPRINT/UNITED                 :    Case No. 19 Civ. 1215
MANAGEMENT COMPANY,                    :
                                       :
        Plaintiffs,                 :
                                       :
    -against-                        :
                                       :
AT&T MOBILITY LLC,                     :
                                       :
        Defendant.                  :
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF SPRINT'S MOTION IN LIMINE TO
## EXCLUDE THE TESTIMONY OF DR. PETER GOLDER

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Craig B. Whitney
Edward H. Rosenthal
Kimberly M. Maynard
William C. Lawrence
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175
cwhitney@fkks.com
erosenthal@fkks.com
kmaynard@fkks.com
wlawrence@fkks.com


*Attorneys for Plaintiffs Sprint Spectrum L.P.,*
*SprintCom, Inc. and Sprint/United Management*
*Company*

Plaintiffs Sprint Spectrum L.P., SprintCom, Inc. and Sprint/United Management Company (collectively, "Sprint") submit this Memorandum of Law in support of their motion *in limine* and pursuant to Federal Rule of Evidence 702 to preclude Peter Golder, one of Defendant AT&T Mobility LLC's ("AT&T") expert witnesses disclosed in this matter, from testifying concerning: (1) whether Sprint's evidence of irreparable harm is "unsubstantiated" and "speculative" (Declaration of Peter Golder ("Golder Decl.") ¶¶ 5-7); (2) whether the harm caused by AT&T's false and deceptive advertising can be quantified (*id.* ¶ 8); and (3) whether the testimony of Sprint's survey expert Hal Poret is sufficient to show impact in the marketplace that would harm Sprint. *Id.* ¶ 9.

Most of Dr. Golder's declaration consists of broad statements addressing the sufficiency of Sprint's evidence of irreparable harm or the extent to which Sprint may rely on the conclusions of its consumer marketing survey expert. These are not valid topics for expert opinion. Dr. Golder is not an expert in evidentiary sufficiency—that is the fact finder's role. He applies no other expertise that would aid the fact-finder in making its determination. The one substantive part of Dr. Golder's declaration, in which he opines that any harm or damage to Sprint caused by AT&T may be quantified using "established marketing methodologies," must be excluded because Dr. Golder has not attempted to design a study that could quantify such injury and is not able to explain with any degree of specificity what would be involved in such a study. It is thus impossible for the Court to evaluate whether his hypothetical method of quantifying Sprint's harm would be feasible or reliable.

## STANDARD OF REVIEW

When evaluating the admissibility of expert testimony, the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.

1

579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (finding that

"*Daubert*'s general holding—setting forth the trial judge's general 'gatekeeping' obligation—

applies not only to testimony based on 'scientific' knowledge, but also to testimony based on

'technical' and 'other specialized' 'knowledge.'"). In evaluating Dr. Golder's opinions, this

Court "should consider the indicia of reliability identified in Rule 702, namely, (1) that the

testimony is grounded on sufficient facts or data; (2) that the testimony 'is the product of reliable

principles and methods'; and (3) that 'the witness has applied the principles and methods reliably

to the facts of the case.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265–66 (2d

Cir. 2002) (internal citations omitted).

    *Daubert* suggests several factors "such as testing, peer review, error rates, and

'acceptability' in the relevant scientific community, some or all of which might prove helpful in

determining the reliability of a particular scientific 'theory or technique.'" *Id.* at 140–41.

Further, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to

admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A

court may conclude that there is simply too great an analytical gap between the data and the

opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## ARGUMENT

## I.    DR. GOLDER OFFERS AN IMPROPER LEGAL OPINION

    In paragraph 5 of Dr. Golder's declaration, he describes Sprint's claims of irreparable harm

as "unsubstantiated" and "speculative"—based on nothing more than his purported status as a

"marketing expert." Golder Decl. ¶ 5. He then offers his opinion that Sprint has not relied on any

empirical evidence and describes Sprint's evidence as speculative. *Id.* ¶ 6. Dr. Golder further opines

that Sprint has not shown any connection or link between its alleged harm and AT&T's 5G

Evolution Advertisement (*id.* ¶ 7) and characterizes the survey work of Sprint's consumer

perception expert, Hal Poret, as "insufficient from a marketing perspective to show an impact on

consumer behavior in the marketplace that would harm Sprint." *Id.* ¶ 9.

In short, the lion's share of Dr. Golder's declaration regarding Sprint's evidence of

irreparable harm consists of testimony about the legal issues in the case.  Dr. Golder is not a legal

expert, and therefore is not qualified to offer an expert opinion on the legal issue of whether

Sprint has sufficient evidence to prove irreparable harm.  *See* Fed. R. Evid. 702 (expert

testimony requires a witness "qualified as an expert by knowledge, skill, experience, training, or

education"); *United States v. Bilzerian,* 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule

an expert's testimony on issues of law is inadmissible. . . .  [A]lthough an expert may opine on an

issue of fact within the jury's province, he may not give testimony stating ultimate legal

conclusions based on those facts."); *In re Initial Pub. Offering Sec. Litig.,* 174 F. Supp. 2d 61, 64

(S.D.N.Y. 2001) ("The rule prohibiting experts from providing their legal opinions or

conclusions is 'so well-established that it is often deemed a basic premise or assumption of

evidence law—a kind of axiomatic principle.'").  Moreover, Dr. Golder is not a consumer survey

expert and is not qualified to offer his opinions on the sufficiency of the testimony offered by

Sprint's expert in that area.

## II.   DR. GOLDER'S OPINION THAT SPRINT'S HARM IS QUANTIFIABLE IS NOT SUPPORTED BY ANY RELIABLE METHODOLOGY

Dr. Golder opines that Sprint's alleged harm could be "quantified with commonly-used

data sources" and that a "trained economist and/or market researcher could use various industry-

standard market and survey data to quantify any harm and damages" caused by AT&T's 5GE or

3

5G Evolution claims.  Golder Decl. ¶ 8.  At his deposition,[1] Dr. Golder ██████████████



████████████████████ Golder Dep. at 122:11-124:16.  He further testified that █████████

████████████████████████████████████████████ *Id.* at

124:17-126:13.  █████████████████████████████████████

███████████████████████████ (*id.* at 126:14-128:19) or a ██████

████████████████ *Id.* at 146:19-149:10

      Dr. Golder, however, did not conduct such an analysis or even attempt to design a study

that could take into account all the factors he identifies as necessary to quantify the damages to

Sprint caused by AT&T's 5GE claims.  Golder Dep. at 150:8-17 (█████████████████

████████████████████████████████████).  He also

testified that ████████████████████████████████████

██████████████ *Id.* at 158:16-160:22.  When asked how he would design such a study, Dr.

Golder was █████████████████████████████████

██████████████ *Id.* at 164:12-166:10.  And he ████████████████████

████████████████████████████████████████

██████████████████████████ *Id.*

      If Dr. Golder cannot articulate a design for a theoretical damages model, such that the

Court can ascertain its feasibility and reliability, then his untestable opinion is inadmissible.  *See*

---

[1] A copy of the transcript of the deposition of Dr. Golder ("Golder Dep.") is attached as Exhibit
A to the accompanying declaration of Edward Rosenthal.

*24/7 Records, Inc. v. Sony Music Entm't, Inc.,* 514 F. Supp. 2d 571, 575 (S.D.N.Y. 2007)

(excluding expert's opinion where "his method of valuation cannot be evaluated"); *see also*

*Adeyinka v. Yankee Fiber Control, Inc.,* No. 05 CIV.0751 RJS, 2009 WL 3154319, at *3

(S.D.N.Y. Sept. 23, 2009) ("[w]hile conjecture by a qualified expert is worthy of careful

attention, the courtroom is not the place for scientific guesswork, even of the inspired sort").

## CONCLUSION

As set forth above, Sprint respectfully request the Court grant its motion *in limine* to exclude

Peter Golder's testimony in its entirety.

Dated: April 17, 2019
       New York, New York

                                           FRANKFURT KURNIT KLEIN & SELZ, P.C.

                                           By: _Ed H. Ror W_____

                                               Edward H. Rosenthal
                                               Craig B. Whitney
                                               Kimberly M. Maynard
                                               William C. Lawrence

                                               488 Madison Avenue, 10th Floor
                                               New York, New York 10022
                                               Phone:  (212) 980-0120
                                               Fax:  (212) 593-9175
                                               cwhitney@fkks.com
                                               erosenthal@fkks.com
                                               kmaynard@fkks.com
                                               wlawrence@fkks.com

                                               *Attorneys for Plaintiffs Sprint Spectrum L.P.,
                                               SprintCom, Inc. and Sprint/United Management
                                               Company.*

5